UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:

Jason L. Martin   Case No.: 14-32932-GMH

Chapter 13

Debtor.

**CREDITOR CONDITIONAL OBJECTION REGARDING DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL OR FOR SUBSTITUTION OF COLLATERAL**

1. Ally Financial, Inc., (hereinafter, "Ally"), a secured creditor of the Debtor(s), hereby conditionally objects to the Debtors' Motion use cash collateral or substitute collateral.

2. Ally retains a valid, perfected security interest in a 2009 Pontiac G8, Vehicle Identification Number: 6G2ER57739L166334 (the "Vehicle"), purchased by the Debtor and the Susan Hartlage on May 26, 2011. A copy of the Retail Installment Contract is attached hereto as Exhibit A.

3. The debtor filed the motion for authority to use cash collateral or for substitution of collateral on December 6, 2016. The basis for the debtor's request was pursuant to an insured accident.

4. The creditor hereby conditionally objects to the request on the following grounds:

    a. Ally must approve the replacement vehicle with evidence of a bill of sale or other identifying document.

Attorney Aaron J. Bernstein
Galanis, Pollack, Jacobs & Johnson, S.C.
839 N. Jefferson Street, Suite 200
Milwaukee, WI 53202
(414) 271-5400
Fax: (414) 271-5571
Email: abernstein@gpjlaw.com

b. Ally is entitled to the Insurance Proceeds as the loss payee in the accident. Ally will remit payment to the dealership upon confirmation of the security interest in the replacement collateral.

c. That a Substitution of Collateral Agreement must be signed by the dealership, the debtor and the original co-buyer Susan Hartlage. A copy of which is attached hereto as Exhibit B.

d. The original Substitution Agreement must be returned to Ally.

e. The dealership is required to provide title application listing Ally as the secured creditor and first lienholder for the new collateral.

f. That the obligation of the co-debtor, Susan Hartlage remains unchanged as to her rights and interest in the collateral.

5. Although it does not intend to do so herewith, Ally reserves the right to file a brief in support of its Objection to Motion to Substitute Collateral.

**WHEREFORE**, Ally Financial, Inc., by and through its undersigned attorneys, conditionally objects to the Debtors' Motion as to the above referenced collateral, and requests that the procedure and process outlined herein be implemented. That there would be no objection to the request of the debtor as long as the processes and procedures are adhered to.

Dated: 12/22/16.　　　　　　　　　　GALANIS, POLLACK, JACOBS & JOHNSON, S.C.

By: _____
Joshua J. Brady
Ally Financial, Inc.

839 N. Jefferson Street, Suite 200
Milwaukee, WI 53202
Email: jbrady@gpjlaw.com
(414) 271-5400 (telephone)
(414) 271-5571 (facsimile)

## CERTIFICATE OF SERVICE

I, Joshua J. Brady, with the law firm, Galanis, Pollack, Jacobs & Johnson, S.C., 839 N. Jefferson Street, Suite 200, Milwaukee, Wisconsin 53202, hereby certify:

That I am, at all times hereinafter mentioned was, more than 18 years of age;

That on the 22nd day of December 2016, by duly depositing in the U.S. mailbox at 825 N. Jefferson Street, Milwaukee, Wisconsin the documents identified below, I served a copy of the **Objection to Stay Extension**, by first class mail, postpaid and with return address, upon the following parties:

Jason L. Martin
670 Foxtree Cir. #2C
Burlington, WI 53105

Debtor's Counsel, the Chapter 13 Trustee, and the U.S. Trustee have been electronically served with the above-described document on this date.

Dated: 12/22/16

_____
Joshua J. Brady

P.O. ADDRESS:
839 N. Jefferson Street, Suite 200
Milwaukee, WI 53202
(414) 271-5400 (telephone)
(414) 271-5571 (facsimile)

3

Case 14-32932-gmh    Doc 38    Filed 12/22/16    Page 3 of 3